**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

| | |
|---|---|
| WRIGHT MEDICAL GROUP, INC., d/b/a<br>WRIGHT MEDICAL TECHNOLOGY, INC.;<br>and SURGICAL TECHNOLOGIES, LLC | PLAINTIFFS |
| v.           No. 3:10CV00033 JLH (Lead Case) | |
| KEVIN DARR; CHARLES HALL; and<br>MARK STARRING & ASSOCIATES, INC. | DEFENDANTS |

* * * * * * * * * * * * * *

| | |
|---|---|
| CHARLES HALL | PLAINTIFF |
| v.           No. 3:10CV00036 JLH | |
| PAUL MASSA, et al. | DEFENDANTS |

**CONSENT PROTECTIVE ORDER**

This Consent Protective Order governs the production and dissemination of confidential information, as defined herein, during discovery in this action. Pursuant to Federal Rule of Civil Procedure 26(c), THE COURT HEREBY ORDERS as follows:

1.   DEFINITIONS

A.   All documents, information, copies, transcriptions, or other reproductions of documents or information produced in this action that contain, describe, identify or refer to trade secrets or other information the confidentiality or privacy of which is protected by statute may be stamped "CONFIDENTIAL INFORMATION" by the producing party and, if so stamped, will be subject to the provisions of this Protective Order.

B.   "CONFIDENTIAL INFORMATION RELATED TO DEFENDANTS' COMPENSATION" means information or documents that relate to the compensation, including but not limited to salary, bonuses, commissions and benefits, which Kevin Darr and Charles Hall have received and will receive from Mark Starring & Associates, Inc.   CONFIDENTIAL

INFORMATION RELATED TO DEFENDANTS' COMPENSATION constitutes a subset of CONFIDENTIAL INFORMATION and shall be treated as all other CONFIDENTIAL INFORMATION is treated except as designated below.

C. "PRIVILEGED" means information, communications, statements, or documents made or produced under circumstances of assured confidentiality which are protected from disclosure as defined by applicable law.

2. PRODUCING AND DESIGNATING INFORMATION

A. Any information produced or disclosed in this action in pretrial discovery that is deemed to contain or constitute CONFIDENTIAL INFORMATION shall be so designated by the producing party at the time of production as described below:

- Documents. The designating party shall mark each confidential document with a legend stating "CONFIDENTIAL INFORMATION." Where a document consists of more than one page, at least the first page and each page on which confidential information appears shall be so marked.

- Depositions. A party may designate limited portions of deposition transcripts and exhibits as "CONFIDENTIAL INFORMATION" (a) orally on the record during the deposition; or (b) by notifying all other parties in writing within 20 days of receiving the transcript of the deposition that the transcript (or affected portion thereof) and/or affected exhibits to the deposition contain CONFIDENTIAL INFORMATION. Until 20 days after receiving a deposition transcript, each party shall treat the entirety of each deposition transcript, all information disclosed therein, and each exhibit thereto, as CONFIDENTIAL INFORMATION.

B. <u>Filing Under Seal</u>. Any information that is designated "CONFIDENTIAL INFORMATION" <u>and</u> filed with or submitted to the Court shall be filed under seal in accordance

with the Local Rules of the Court, shall be kept confidential and under seal until further order of the Court, and shall not be opened except by the Court or as ordered by the Court. The first page of any filing which contains such information shall be noted as "FILED UNDER SEAL" and/or noted as "CONFIDENTIAL INFORMATION".

        C.      <u>Use at Trial</u>**.** Procedures for the use or introduction of confidential information at trial shall be governed by the Pre-Trial Order in this case. In advance of the pre-trial conference, and in connection with preparing a joint Pre-Trial Order for consideration by the Court, the parties shall: specifically identify the confidential documents or information they anticipate using at the trial of this case; confer in good faith on measures to minimize the introduction of confidential documents or information at trial, or propose stipulations or other alternatives to the introduction of confidential documents or information; and propose procedures for the use and introduction of such information at trial. The Court shall determine the procedures that will govern, and shall include such procedures in the Pre-Trial Order. The parties agree that the designation of any document as CONFIDENTIAL INFORMATION, including CONFIDENTIAL INFORMATION RELATED TO DEFENDANTS' COMPENSATION, for discovery purposes does **not** mean that such document will have confidential status at trial or ensure that such document may be presented to the trier of fact at trial bearing a CONFIDENTIAL INFORMATION designation. The court shall determine what, if any, documents may be submitted at trial bearing a CONFIDENTIAL INFORMATION designation. In the event that there is no Pre-Trial Conference or Pre-Trial Order, the parties agree to submit issues related to procedures for the use or introduction of confidential information at trial to the Court via motion or such other method as the Court may direct.

        D.      <u>Inadvertent Failure to Designate</u>**.** If a party inadvertently fails to mark a document that contains confidential information with the appropriate designation, this failure to designate shall

not operate as a waiver. The party may later apply such a designation by providing counsel for each other party written notice of the proper designation for each affected document or thing. Upon receiving such a notice, each party shall treat the affected documents, and all copies thereof, as designated in the notice, and each receiving party shall make a reasonable effort to (1) prevent improper use or disclosure of such information and (2) obtain the return of such information that it disclosed to any person not authorized to receive such designated information, subject to its right to contest any designation as provided below. The designating party shall also provide a replacement, marked with the proper designation, for each affected document.

3. <u>LIMITATIONS ON USE AND DISCLOSURE OF CONFIDENTIAL INFORMATION</u>

   A.   All CONFIDENTIAL INFORMATION produced or exchanged during this litigation shall not be disclosed or used for any purpose except conducting this litigation (including any appeal resulting therefrom). CONFIDENTIAL INFORMATION shall not be used by any person to whom it is disclosed for any business, commercial, competitive or other purpose whatsoever.

   B.   CONFIDENTIAL INFORMATION RELATED TO DEFENDANTS' COMPENSATION shall not be disclosed or made available to any person or entity other than attorneys of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC and Bowen Law Firm, PLLC for Plaintiffs, and Brister Law Firm, PLLC, Cross, Gunter, Witherspoon & Galchus, P.C. and Liskow & Lewis for Defendants, including necessary clerical and support personnel (for example, paralegals, data entry personnel, copy services, visual aid providers or jury consultants) who are assisting such attorneys. Any outside attorney or law firm other than those indicated above may be added to this Protective Order as counsel of record for a Party upon ten (10) days advance written notice to all other Parties, but shall not be added to the Protective Order nor entitled to access to any CONFIDENTIAL INFORMATION RELATED TO DEFENDANTS' COMPENSATION should

any other Party object in writing to the designation of counsel during such ten (10) ten day period; any such objection shall be resolved by the Court if not resolved among the Parties. As directed by the Court at the hearing on Plaintiffs' Motions for Preliminary Injunction, CONFIDENTIAL INFORMATION RELATED TO DEFENDANTS' COMPENSATION shall not be disclosed or made available to Plaintiffs or their principals, employees, contractors or non-attorney representatives. Plaintiffs acknowledge and agree that disclosure of CONFIDENTIAL INFORMATION RELATED TO DEFENDANTS' COMPENSATION in violation of this provision will cause Defendants harm and that the remedy for a violation of this provision will be determined by the Court.

C. CONFIDENTIAL INFORMATION shall not be disclosed or made available to any person or entity other than:

[a] Attorneys of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC and Bowen Law Firm, PLLC for Plaintiffs, and Brister Law Firm, PLLC, Cross, Gunter, Witherspoon & Galchus, P.C. and Liskow & Lewis for Defendants, including necessary clerical and support personnel (for example, paralegals, data entry personnel, copy services, visual aid providers or jury consultants) who are assisting such attorneys. Any outside attorney or law firm other than those indicated above may be added to this Protective Order as counsel of record for a Party upon ten (10) days advance written notice to all other Parties, but shall not be added to the Protective Order nor entitled to access to any CONFIDENTIAL INFORMATION should any other Party object in writing to the designation of counsel during such ten (10) day period; any such objection shall be resolved by the Court if not resolved among the Parties;

[b] the Parties, if they are individuals;

[c] for corporate parties, officers and employees who are directly involved in

decision making regarding this litigation and beyond merely being witnesses, and in-house legal counsel, along with their respective in-house paralegals and clerical support staff who are directly involved in this litigation (i.e., Wright, Surgical Technologies and MSA agree that they will not share CONFIDENTIAL INFORMATION with their non-party sales representatives);

    [d]    Outside experts, consultants, and mock jurors who are specifically retained by a party to this action for purposes of this litigation and all necessary clerical and support personnel who assist such experts or consultants;

    [e]    Officers before whom a deposition or other testimony is taken (including without limitation, stenographic reporters and videographers) and necessary clerical and support personnel who are assisting such officers;

    [f]    Outside litigation support vendors, including copying and scanning vendors, e-discovery vendors, computer related vendors, and the like;

    [g]    Translators who have been retained by counsel;

    [h]    Other such persons or entities to which all parties may stipulate or consent in writing; and

    [i]    The Court and any persons the Court employs whose duties require access to the information, including jurors and court reporters.

Each of the persons in subparagraphs d through h above shall be provided a copy of this Protective Order and shall be advised that CONFIDENTIAL INFORMATION disclosed to them may not be disseminated and may not be used in any manner except for purposes of this litigation. Further, each of the persons in subparagraphs d through h above shall execute a copy of Exhibit A attached hereto which acknowledges that this Protective Order has been read and that the person agrees to be bound by this Protective Order.

D. <u>Documents or information authored or obtained lawfully by witness or party.</u> Notwithstanding any provision of this Protective Order, nothing herein shall prohibit or otherwise restrict the use or disclosure of information, documents, if the information was created or authored by the person or party or which was sent to and received by the person or party in the ordinary course of business. A person or party may freely use and disclose information that it created or authored without restriction. Further, nothing herein shall prohibit or otherwise restrict the use or disclosure of information or documents, if the information was lawfully received by the person or party independently of discovery in this litigation.

E. <u>Disputes Regarding Designations</u>. Any party may contest at any time the designation of any information as "CONFIDENTIAL INFORMATION" by giving the designating party written notice that identifies the relevant designated information and states in reasonable detail the reason(s) why the information should not be so designated. If there is disagreement about such designations, the parties shall meet and confer in good faith in person or by telephone to attempt to resolve their disagreement. If those parties cannot resolve their disagreement, any party may thereafter petition the Court to resolve the matter. The designating party shall bear the burden of establishing that the information should be so designated. If such an objection or petition is made, such information shall be treated as CONFIDENTIAL INFORMATION until the issue is resolved in writing by the parties or the petition is decided by the Court. Neither the existence of this Protective Order, nor the designation of anything as "CONFIDENTIAL INFORMATION" shall, in and of itself, raise any inference as to whether the designated information is confidential.

F. <u>Third-Party Subpoenas</u>. If any party, person or entity is subpoenaed, ordered by a court of competent jurisdiction, or otherwise legally required to produce information that another party, person or entity has designated "CONFIDENTIAL INFORMATION" in this action, the party,

person or entity receiving the request or order shall (a) inform each person or entity that sent such request or order that the information is subject to this Protective Order, and (b) immediately notify each designating party of the order or request. If the designating party wishes to contest any such request or order, it shall have the burden of doing so. Nothing in this Protective Order requires any person or entity to contest, appeal, or violate a subpoena, legal process, or court order.

4. <u>INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION</u>

    A. It is the intent of the parties to incorporate Rule 502(b) of the Federal Rules of Evidence regarding inadvertent disclosure and waiver, and the Court hereby orders under Rule 502(d) that the privilege or protection is not waived by disclosure in connection with this litigation if a party has complied with the provisions of either this paragraph or Rule 502(b).

    B. If written notice of inadvertent disclosure of privileged information is provided within seven (7) days of the party becoming aware of the inadvertent disclosure, then, upon receipt of such notice of inadvertent disclosure, each receiving party shall immediately return or destroy all copies of any documents that the disclosing party claims it inadvertently disclosed, and if requested in writing to do so, certify in writing to the producing party that it has done so. If any receiving party disputes that any such information is subject to such privilege or immunity, or otherwise disagrees about the return, disclosure (e.g., if the receiving party disputes whether the disclosure was inadvertent), or use of any such information, then the parties shall meet and confer in good faith in person or by telephone to attempt to resolve their disagreement. If those parties cannot resolve their disagreement, then any of those parties may thereafter petition the court to resolve the matter. The party seeking to designate the information as subject to privilege or immunity shall have the burden of proving that the information is subject to privilege or immunity and, if relying on the rule against inadvertent waiver under this Protective Order, that the disclosure was inadvertent and that written

notice was provided within the required 7 days. The court will rule on claims of privilege or immunity without regard to the fact that such information has been disclosed or used.

      C.    <u>Privilege or Immunity</u>. Nothing in this Protective Order shall be deemed to waive any applicable privilege or immunity, or to limit the relief available to a party claiming that it inadvertently disclosed information subject to any privilege or immunity. Nothing in this Protective Order shall require disclosure of information that is protected by the attorney-client privilege, work product immunity, or other privilege or immunity. The parties reserve all rights to seek the return or destruction of all such information and anything relating to such information (including without limitation notes or work product), and to preclude the further use or disclosure thereof.

      D.    <u>Amendments</u>. Changes or exceptions to this Protective Order may be made only by written agreement of the parties, or by court order.

5.    <u>CONCLUSION OF LITIGATION</u>

      A.    Absent a court order or written permission of the disclosing and designating party, and unless otherwise stated in another provision in this Protective Order, all provisions of this Protective Order that restrict the disclosure or use of information shall continue to be binding after the conclusion of this action.

      B.    Upon written request by the disclosing or designating party after the conclusion of this litigation, all appeals therefrom, and the expiration of the limitations period for legal malpractice claims, and absent a court order to the contrary (a) all CONFIDENTIAL INFORMATION in tangible form (including transcripts) produced or exchanged in this litigation, and all copies thereof, shall be returned to the producing party or destroyed and (b) anything (except attorney work product) that contains or comprises information designated as "CONFIDENTIAL INFORMATION" shall be returned to the producing party or destroyed. If requested by the disclosing party, each

party or entity that received or has any such documents, or copies thereof, shall certify in writing to counsel for the producing party that it returned or destroyed, at its option, every such document, and all copies, summaries and abstracts thereof, in its possession, custody or control.

    C.    This Protective Order will be binding until this action is finally concluded and thereafter for so long as the confidentiality or privacy of information designated as "CONFIDENTIAL INFORMATION" would be protected by statute.

    IT IS SO ORDERED this 18th day of October, 2010.

    */s/ J. Leon Holmes*
    J. LEON HOLMES
    UNITED STATES DISTRICT JUDGE

CONSENTED TO:

s/Bruce A. McMullen
Bruce A. McMullen, Esq. (#97052)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ
First Tennessee Building
165 Madison Avenue, Suite 2000
Memphis, TN  38103
bmcmullen@bakerdonelson.com
*Attorney for Plaintiff*,
*Wright Medical Technology, Inc.*

s/ Martin W. Bowen
Martin W. Bowen
Bowen Law Firm, PLLC
6412 Kenwood Road
Cammack Village, AR 72207-1832
bowen@bowenlaw.us
*Attorney for Plaintiff,*
*Surgical Technologies, LLC*

s/ Sean Brister
M. Sean Brister
BRISTER LAW FIRM, PLLC

P.O. Box 1451
Alma, Arkansas 72921
sean@bristerlawfirm.com
*Attorney for Defendants*
*Kevin Darr and Charles Hall*

s/ Allen C. Dobson
Allen C. Dobson
Cross, Gunter, Witherspoon & Galchus, P.C.
500 President Clinton Avenue, Suite 200
Little Rock, AR 72201
adobson@cgwg.com
*Attorney for Defendant*
*Mark Starring & Associates, Inc.*

s/ Thomas J. McGoey , II
LISKOW & LEWIS (#18330)
One Shell Square
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
tjmcgoey@liskow.com
*Attorney for Defendant*
*Mark Starring & Associates, Inc.*

EXHIBIT A

<u>AGREEMENT TO BE BOUND</u>

I, _____ hereby state the following:

I reside at _____;

I have read the Protective Order dated _____, _____ and have been engaged as a _____ on behalf of _____ in the preparation and conduct of the action *Wright Medical Group, Inc. d/b/a Wright Medical Technology, Inc. and Surgical Technologies, LLC v. Kevin Darr, Charles Hall and Mark Starring & Associates, Inc.*, Case No. 3:10CV033JLH and/or *Charles Hall v. Paul Massa and Surgical Technologies, LLC*, Case No. 3:10CV00036-WRW in the United States District Court for the Eastern District of Arkansas. I am fully familiar with and agree to comply with and be bound by the provisions of said Protective Order. I understand that I am to retain all copies of any information obtained pursuant to said Protective Order, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies, and any writings prepared by me containing any information designated "CONFIDENTIAL INFORMATION" are to be returned to counsel who provided me with such material.

I will not divulge to persons other than those specifically authorized by said Protective Order, and will not copy or use except solely for the purpose of this litigation, any information obtained pursuant to said Protective Order, except as provided in said Protective Order. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Protective Order. I agree to be subject to the jurisdiction of the Untied States District Court for the Eastern District of Arkansas for purposes of enforcing the terms of the Protective Order.

I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED on _____, _____.

_____